IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| MESHAWN ARON MILLER, | ) | |
|     Petitioner, | ) | Civil Action No. 7:17-cv-00456 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| HAROLD W. CLARKE, | ) |     United States District Judge |
|     Respondent. | ) | |

**MEMORANDUM OPINION**

Meshawn Aron Miller, a Virginia inmate proceeding *pro se*, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 to challenge his criminal judgment entered by the Pittsylvania County Circuit Court. This matter is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. After reviewing the record, the court dismisses the petition as time barred.

I.

On March 24, 2011, after Miller pled guilty, the Pittsylvania County Circuit Court convicted Miller of armed burglary, malicious bodily injury, two counts of robbery, and five firearm offenses. The court sentenced him to 77 years of incarceration, with all but 12 years suspended. Miller did not appeal. On May 20, 2016, more than five years after his conviction became final, Miller filed a petition for a writ of habeas corpus with the Pittsylvania County Circuit Court. The court dismissed his petition, and Miller appealed to the Supreme Court of Virginia, which refused his appeal on April 13, 2017. Miller filed the instant federal habeas petition on September 25, 2017.

The court conditionally filed the petition, advised Miller that the petition appeared to be untimely filed, and provided him the opportunity to explain why the court should consider it timely filed. Miller did not respond concerning the timeliness of his petition.

II.

Habeas petitions filed under § 2254 are subject to a one-year limitations period. 28 U.S.C. § 2244(d)(1).[1] A petitioner must demonstrate either the timeliness of his petition pursuant to § 2244(d) or that the principle of equitable tolling applies in his case. *See Hill v. Braxton,* 277 F.3d 701 (4th Cir. 2002); *Harris v. Hutchinson*, 209 F.3d 325 (4th Cir. 2000). Otherwise, an untimely petition may be dismissed by a federal district court. *See Hill*, 277 F.3d at 707.

The statute of limitations began to run in Miller's case on May 26, 2011, when his conviction became final. *See* Va. Sup. Ct. R. 5:9 (requiring an appeal to be filed within thirty days after the entry of final judgment); *Clay v. United States*, 537 U.S. 522, 525 (2003) (stating a conviction becomes final once the availability of direct review is exhausted). Therefore, Miller had until May 25, 2012, to file a timely federal habeas petition. Miller did not meet the deadline.

Miller argues that his petition is timely under § 2244(d)(1)(C) because the controlling law, *Brown v. Commonwealth*, 284 Va. 538, 733 S.E.2d 638 (2012), was not decided until after his conviction. In order to obtain a belated commencement of the limitation period under § 2244(d)(1)(C), a petitioner "must show: (1) that the Supreme Court recognized a new right; (2) that the right 'has been . . . made retroactively applicable to cases on collateral review'; and (3)

---

[1] The one-year period begins to run on the latest of four dates:
(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2244(d)(1).

that he filed his motion within one year of the date on which the Supreme Court recognized the right." *United States v. Mathur*, 685 F.3d 396, 398 (4th Cir. 2012) (quoting *Dodd v. United States*, 545 U.S. 353, 358 (2005)).[2] However, § 2244(d)(1)(C) does not apply here because *Brown* was not decided by the United States Supreme Court. *See, Mathur*, 685 F.3d at 398. Accordingly, Miller's petition is barred unless he demonstrates grounds for equitable tolling of the one-year statute of limitations.

A district court may apply equitable tolling only in "those rare instances where—due to circumstances external to the party's own conduct—it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Rouse v. Lee*, 339 F.3d. 238, 246 (4th Cir. 2003) (citing *Harris*, 209 F.3d at 330). The petitioner must demonstrate that some action by the respondent or "some other extraordinary circumstance beyond his control" prevented him from complying with the statutory time limit, despite his exercise of "reasonable diligence in investigating and bringing the claims." *Harris*, 209 F.3d at 330 (citing *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998)). An inmate asserting equitable tolling "'bears a strong burden to show specific facts'" that demonstrate he fulfills both elements of the test. *Yang v. Archuleta*, 525 F.3d 925, 928 (10th Cir. 2008) (quoting *Brown v. Barrow*, 512 F.3d 1304, 1307 (11th Cir. 2008)). Generally, the petitioner is obliged to specify "'the steps he took to diligently pursue his federal claims.'" *Id.* at 930 (quoting *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998)).

---

[2] *Mathur* and *Dodd* both discussed 28 U.S.C. § 2255(f)(3), which sets out the rules for writs of habeas corpus for federal convictions. The provisions of § 2255(f)(3) and § 2244(d)(1)(C) are functionally identical. *Compare* 28 U.S.C. § 2244(d)(1)(C) ("The limitation period shall run from the latest of . . . the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review.") *with* 28 U.S.C. § 2255(f)(3) ("The limitation period shall run from the latest of . . . the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively available to cases on collateral review.").

Miller asserts that he is entitled to equitable tolling because *Brown* was not made available in the prison law library until June 2014. However, "a petitioner must present evidence regarding the steps he took to diligently pursue his remedies during the time that he was allegedly deprived of access to legal materials." Id. (citing *Miller v. Marr*, 141 F.3d 976, 978 (10th Cir.1998); *Cross-Bey v. Gammon*, 322 F.3d 1012, 1015 (8th Cir. 2003) (rejecting equitable tolling where petitioner alleged lack of legal knowledge and legal resources), *cert. denied*, 540 U.S. 971 (2003); *Frye v. Hickman*, 273 F.3d 1144, 1146 (9th Cir. 2002) (as amended) (recognizing that the lack of access to library material does not automatically qualify as grounds for equitable tolling), *cert. denied*, 535 U.S. 1055 (2002)); *Miller v. N.J. State Dep't of Corrs.*, 145 F.3d 616, 618 (3d Cir. 1998) (holding that, for equitable tolling to apply, petitioner must show that he exercised reasonable diligence in bringing or investigating the claims). Therefore, despite being given the opportunity to argue the timeliness of his petition, Miller does not allege any ground that warrants equitable tolling.

Miller filed his federal habeas petition more than one year after the judgment became final, and, thus, the court dismisses his petition as untimely filed. *See Hill*, 277 F.3d at 707 (4th Cir. 2002) (recognizing a district court may summarily dismiss a § 2254 petition if a petitioner fails to make the requisite showing of timeliness after the court notifies petitioner that the petition appears untimely and allows an opportunity to provide any argument and evidence).

III.

For the reasons stated, the court will grant the motion to dismiss Miller's § 2254 petition.

An appropriate order will enter this day.

Entered: July 27, 2018.

                                */s/ Elizabeth K. Dillon*
                                Elizabeth K. Dillon
                                United States District Judge